IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | INDICTMENT NO. |
| v. | ) | 1:23-cr-00335-MLB-RGV-1 |
| | ) | |
| MARIO JAMES EARL, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED PRELIMINARY MOTION[1] REQUESTING A FRANKS HEARING

**COMES NOW** Defendant Mario James Earl in the above-styled criminal action, by and through his counsel, and hereby files this Amended Preliminary Motion Requesting a Franks Hearing. In support of his motion, Mr. Earl would show this Honorable Court as follows:

### FRANKS HEARING REQUEST

Under the U.S. Supreme Court's decision in Franks, "[a] search warrant may be voided if the affidavit supporting the warrant contains deliberate falsity or

---

[1] Mr. Earl and his defense team are still reviewing the recently produced Seattle Pole Camera footage, but several days of video remain inaccessible. Accordingly, Mr. Earl reserves the right to amend this motion once the footage can be fully reviewed to ensure his request for a *Franks* hearing is fully presented.

1 | P a g e

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

reckless disregard for the truth, and this rule includes material omissions." *Dahl v. Holley*, 16 F.3d 1228, 1235 (11th Cir. 2002) (citations omitted). In *Franks*, the Supreme Court held that, where the defendant makes a concrete preliminary showing that the affiant included in the warrant affidavit a false statement knowingly and intentionally, or with reckless disregard for the truth, and where the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that an evidentiary hearing be held at the defendant's request. *Franks*, 438 U.S at 171-72, 98 S.Ct. at 2684. In the event that the allegation of perjury or reckless disregard is established by a preponderance of the evidence at the hearing, and, with the false material set aside, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the exclusionary rule applies to the fruits of the search to the same extent as if probable cause was lacking on the face of the affidavit. *Id.*

    The reasoning in *Franks* applies equally to information omitted from warrant affidavits. Thus, "a warrant affidavit violates the Fourth Amendment when it contains omissions made intentionally or with a reckless disregard for the accuracy of the affidavit." *Madiwale v. Savaiko*, 117 F.3d 1321, 1326-27 (11th Cir. 1997) (quotation omitted). With respect to omissions, "[a] party need not show by direct evidence that the affiant makes an omission recklessly. Rather, it is possible that when the facts omitted from the affidavit are clearly critical to a finding of probable

cause the fact of recklessness may be inferred from proof of the omission itself." *Id.* at 1327 (quotation omitted).

Under Franks, if a defendant makes a threshold showing that the affiant deliberately or recklessly made a false statement or omitted material facts from the affidavit, the defendant is entitled to a hearing on the matter. *United States v. Schwinn*, 376 F. App'x. 974, 978 (11th Cir. 2010) (unpublished). At the hearing, if the defendant proves the deliberate or reckless misrepresentations or omissions by a preponderance of the evidence, he is then "entitled to a new evaluation of probable cause with the affidavit striped of the false statements" and the gaps in the affidavit appropriately filled with the omitted facts. *Id.*; *Hale v. Fish*, 899 F.2d 390, 400 (11th Cir. 1990) (noting that omitted facts may be "especially effective in negating probable cause").

In the instant case, the government sought a search warrant based on information that was nearly 20 months old. In order to establish a nexus between Mr. Earl and his office, the affiant contended that no one else had access to his office other than him and his co-defendant and girlfriend, Elisha Johnson. In this regard, the affiant states:

> 45. Agents have reviewed video surveillance footage of the building from mid-December to early January, 2024 via a Paul camera. From this review, agents believe there are many doors on the building that only access one unit, and do not connect internally with other units.

BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303

There are also at least two doors that access the basement space which include additional internal entrances to other units.

46. Agents have observed Earl access many points of the building but primarily one door on the southside: the top floor, easternmost door (Target Premises #2). Agents believe this door accesses is EARL and JOHNSON's office. ***EARL is often there alone and others do not go in that door without him. Agents have seen other people in our target premises No. 2, but not without Earl or when Earl is already inside (the exception being Johnson)***.

*See* Exhibit A, Affidavit in Support of Seattle Searches, at p. 17, ¶¶ 45-46.

The **bolded statements** constitute material misrepresentations of what is depicted in the pole camera. Mr. Earl's defense team has been able review limited[2] footage of the pole camera, and that review reveals that on several occasions*, at the very least, another individual had access to Mr. Earl's office and, in fact, accessed his office whether neither he nor Ms. Johnson were present*. For example, on January 8, 2024, at approximately 8:39 a.m., an older Black male with a gray goatee exited the office door on the First Floor and then walked upstairs to Target Premises #2 and used a key to enter the office. The pole camera footage reflects that same Black male leaving approximately 10 minutes later. On January 9, 2024, at approximately 3:57 p.m., the same Black male opens the door of Target Premisses #2 and enters the office. Similarly, on January 11, 2024, at approximately 12:50 p.m., the same Black male enters Target Premises #2 using a key; this same Black male is seen again

---

[2] Mr. Earl and his defense team have not been able to get the pole camera footage to work for December 9 through 26, 2023.

entering the Target Premises #2 on the same day at approximately 5:34 p.m. Importantly, on the above-referenced dates and times, neither Mr. Earl nor Ms. Johnson are present.

Here, based upon the footage he has been able to view, Mr. Earl believes that he has made a requisite preliminary showing as required by *Franks* and is, therefore, entitled to a hearing to address whether the affidavit contained material allegations which were deliberately false, or reckless, and whether the affidavit deliberately or recklessly omitted facts material to the finding of probable cause; and finally, after the redaction of any falsely stated material facts, and the inclusion of any omitted facts, whether the search warrant for Mr. Earl's Seattle Office still supports the magistrate's determination of probable cause. Mr. Earl contends that it does not, and that any evidence seized during the search of that office and the fruits thereof should be suppressed

*[signature page to follow]*

WHEREFORE, Mr. Earl respectfully requests that this Court grant him and his defense team more time to review the entire Seattle Pole Camera footage, and grant a *Franks* hearing to assess the viability of the search associated with his Seattle office.

Respectfully submitted this the 1ST day of December, 2025.

**BANKS WEAVER LLC**

*/s/ Gabe Banks*
Gabe Banks
Georgia Bar No. 721945
Tennessee Bar No. 021377
*Attorney for Defendant*

100 Peachtree Street, NW
Suite 2650
Atlanta, Georgia 30303
404-891-9280 (Phone)
404-891-9283 (Fax)
gabe@banksweaver.com

*/s/ Steven H. Sadow*
Steven H. Sadow
Georgia Bar No. 622075
*Attorney for Defendant*

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
404-577-1400
stevesadow@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | INDICTMENT NO. |
| v. ) | 1:23-cr-00335-MLB-RGV-1 |
| ) | |
| MARIO JAMES EARL, et al. ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification to all parties of record.

Dated: December 1, 2025.

**BANKS WEAVER LLC**

*/s/ Gabe Banks*

_____
Gabe Banks
Georgia Bar No. 721945
Tennessee Bar No. 021377
*Attorney for Defendant Mario James Earl*

100 Peachtree Street, NW
Suite 2650
Atlanta, Georgia 30303
404-891-9281 (ofc.)
404.891.9283 (fax)
gabe@banksweaver.com

7 | P a g e