IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | INDICTMENT NO. |
| v. | ) | 1:23-cr-00335- MLB-RGV |
| | ) | |
| MARIO JAMES EARL, et al. | ) | |
| Defendant. | ) | |

## DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS TO THE SEATTLE SEARCHES

**COMES NOW** Defendant Mario James Earl, by and through undersigned counsel, and pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(2), hereby files these Objections to the Magistrate Judge's Report and Recommendation (Doc. 428) that recommended Defendant Earl's motions to suppress (Docs. 215 and 259) be denied. Defendant Earl objects generally based on the legal analysis and conclusions presented in his motions (Docs. 215 and 259) and reply brief (Doc. 407), which are incorporated herein. Specifically, Defendant Earl Objects with particularity to the following:

## <u>INTRODUCTION</u>

The Magistrate Judge's erroneous conclusions and recommendations attempt to validate the search of Defendant Earl's residence, office, and vehicle despite the lack of any factual nexus between those locations and the alleged criminal activity.

**BANKS WEAVER LLC ꟾ 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

Even assuming arguendo that the affidavit established probable cause to believe Defendant Earl was involved in a drug trafficking conspiracy, the Fourth Amendment requires particularized facts demonstrating that evidence of that alleged activity would be found in the specific places searched. That showing is entirely absent here.

Compounding that defect, the affidavit relies on stale information—nearly twenty months removed from any alleged criminal conduct—and attempts to cure that staleness with surveillance that did nothing more than confirm Defendant Earl lived in his home, worked in his office, drove his vehicle, and/or engage in what can only been seen as everyday lawful activity.

Finally, the Magistrate Judge's alternative reliance on the good faith exception is misplaced, as the affidavit was so facially deficient that no reasonable officer could have believed that probable cause existed to search these locations.

For these reasons, set for in more detail before, the Magistrate Judge's Report and Recommendation should be rejected.

## OBJECTION ONE

I.   **The Magistrate Judge Erred in Concluding That The Information Contained In The Search Warrant Affidavit Established Probable Cause And Was Not Stale.**

At the core of the Fourth Amendment is the requirement that a search warrant not only establish a nexus between the place to be searched and the evidence sought

but that the information submitted in support of a search warrant be fresh and/or timely. *United States v. Martin*, 297 F.3d 1308, (11th Cir. 2002) (citations omitted); see also *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009). Here, the search warrant affidavit fails entirely in both regards.

As reflected in the record, the government's showing as to Defendant Earl's Seattle residence, office, and vehicle amounts to nothing more than the following: (1) Mr. Earl resided at the Kirkland address; (2) he maintained an office at the Rainier Avenue location; and (3) he drove a white Cadillac Escalade. There is not a single allegation—none—that drugs, proceeds, contraband, or instrumentalities of drug trafficking were ever observed at any of those locations. There are no controlled buys, no confidential informants, no intercepted communications, and no surveillance tying any alleged criminal conduct to those locations. Again, in *Martin*, the Eleventh Circuit rejected the precise reasoning employed by the government in this case—namely, that a defendant's alleged involvement in criminal activity alone justifies the search of his residence. 297 F.3d at 1314. The Eleventh Circuit emphasized that such reasoning impermissibly collapses the nexus requirement into mere suspicion. *Id.*

To be sure, rather than providing facts, the affidavit relies on generalized assertions and assumptions that drug traffickers tend to keep evidence in their homes, offices, or vehicles. But such boilerplate language cannot establish probable cause.

**BANKS WEAVER LLC ∣ 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

*Id.* (rejecting reliance on generalized assumptions absent specific facts linking the residence to criminal activity). Other Circuits have reiterated this well established legal principle. *See United States v. Wilson*, 153 F.4th 478 (5th Cir. 2025) (holding that the affidavit failed to link defendant's criminal conduct with the location to be searched and, therefore, said search was not supported by probable cause); *see also United States v. Brown*, 828 F.3d 375 (6th Cir. 2016) (holding that while there was probable cause to believe that defendant was involved in a narcotics conspiracy, there was insufficient information provided in the search warrant affidavit to justify a search of the defendant's house because the was no criminal activity that was linked to house); *United States v. Roman*, 942 F.3d 43 (1st Cir. 2019) (finding ample evidence that defendant was engaged in a drug conspiracy but no evidence in search warrant affidavit that linked evidence of illicit conspiracy to defendant's house).

Even if the affidavit had established some minimal connection between Defendant Earl's property and the alleged criminal conduct, it nevertheless fails because the information relied upon was stale. The Eleventh Circuit has repeatedly held that probable cause must exist at the time the warrant is issued, and that stale information cannot support a finding of probable cause. See *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994) (holding that "[f]or probable cause to exist, [ ] the information supporting of the government's application for a search warrant must be

**BANKS WEAVER LLC ɪ 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

timely, for probable cause must exist when the magistrate judge issues the search warrant.").

Here, the agent's own timeline set forth in his affidavit establishes that the information was stale. At best for the Government, the alleged drug activity attributable to Defendant Earl spans from December 2021 to September 2022—though a fair and more accurate reading of said affidavit attributes conduct to Defendant Earl between December 2021 and July 2022. Either way, the January 19, 2024 warrant application was sought nearly 20 months after the last alleged illicit conduct. The Magistrate Judge's reliance on a purported "longstanding and protracted" conspiracy is misplaced, as the alleged illicit activity is limited to the first 6-to-8 months of the alleged conspiracy—December 2021 through July 2022—followed by nearly two years devoid of any evidence of ongoing criminal conduct. The Magistrate Judge's conclusion—and government's assertion—that the conspiracy was "longstanding and protracted" cannot be squared with the facts of this case where the vast majority of the alleged scope of said conspiracy reflects absolutely no activity whatsoever. This gap is not merely significant; it is dispositive.

The government attempts to cure this staleness problem by pointing to surveillance conducted in December 2023 and January 2024. But that surveillance revealed nothing of evidentiary value. Agents did not observe any drug transactions, any suspicious activity, or any conduct indicative of narcotics trafficking. Instead,

**BANKS WEAVER LLC ɪ 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

they observed only that Defendant Earl and his co-defendant (Elisa Johnson) frequented their residence and that Defendant Earl traveled to and from his office and drove his vehicle. Such observations do not "refresh" stale information. They merely confirm routine, lawful behavior.

In short, the issuing magistrate lacked a timely factual basis to conclude that evidence of a crime would be found at the Seattle locations when the warrants were executed. Accordingly, the Magistrate Judge's conclusion that the search warrant affidavit contained probable cause should be rejected by this Court.

## OBJECTIONS TWO

II.   **The Magistrate Judge Erred In Concluding That The Good Faith Exception Applied.**

The Magistrate Judge's alternative reliance on the good faith exception is equally misplaced. The good faith exception does not apply where an affidavit is so lacking in indicia of probable cause that reliance upon it is objectively unreasonable. *United States v. Leon*, 468 U.S. 919-21 (1984); *see also United States v. Ralston*, 88 F.4th 776 (8th Cir. 2023) (finding that the failure to link the crime or stolen property with defendant's house rendered the warrant so defective that the evidence seized could not survive the good faith exception to the exclusionary rule); *United States v. Ward*, 967 F.3d 550 (6th Cir. 2020) (holding that not only was there a lack of probable cause but rejecting to apply the good faith *Leon* exception where the affidavit

**BANKS WEAVER LLC ׀ 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

established that defendant had previous drug conviction, had sold drugs several months before the search, and located marijuana wrappings in defendant's trash on day of search). That is precisely the situation presented here.

As it pertains to the Seattle searches, the affidavit is devoid of any facts establishing a nexus between the alleged criminal activity and the places to be searched. It contains no direct evidence, no corroboration, and no temporal connection. Instead, it relies entirely on generalized assumptions and conclusory assertions. Moreover, the information is so stale that a reasonable officer reviewing the affidavit would immediately recognize that it fails to allege that any of the Seattle locations were used in furtherance of the alleged conspiracy or that evidence of such activity would be found there. Under these circumstances, reliance on the warrant cannot be said to be objectively[1] reasonable.

In short, to apply the good faith exception under these circumstances would effectively eliminate the nexus and timeliness requirements altogether, allowing law enforcement to search any residence, office, or vehicle associated with a suspected individual without any factual showing tying those locations to criminal conduct.

---

[1] The government's reliance on a single paragraph referencing alleged fraudulent check stubs does not alter this conclusion. The affidavit provides no indication of when those documents were created, whether they were stored at the office, or whether they would still be present at the time of the search. This vague and temporally unanchored allegation cannot salvage an otherwise deficient affidavit.

**BANKS WEAVER LLC ɪ 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

## CONCLUSION

The warrant authorizing the searches of Defendant Earl's Seattle residence, office, and vehicle was constitutionally defective. The affidavit failed to establish a nexus, relied on stale information, and was so lacking in probable cause that the good faith exception does not apply.

**WHEREFORE**, Defendant Earl respectfully requests that this Court reject the Magistrate Judge's Report and Recommendation as it pertains to the Seattle searches, grant his Motion to Suppress, and suppress all evidence obtained as a result of those unlawful searches.

Respectfully submitted on this the 4TH day of May, 2026.

**BANKS WEAVER LLC**

*/s/ Gabe Banks*

Gabe Banks
Georgia Bar No. 721945
Tennessee Bar No. 021377
*Attorney for Defendant Mario James Earl*

100 Peachtree Street, NW
Suite 2650
Atlanta, Georgia 30303
404-891-9280 (Phone)
(404-891-9283 (Fax)
gabe@banksweaver.com

And

**STEVE H. SADOW, P.C.**

*/s/ Steve Sadow*
STEVEN H. SADOW
Attorney for Defendant
Georgia Bar No. 622075

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
404-577-1400
stevesadow@gmail.com

**BANKS WEAVER LLC ׀ 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA )
 ) INDICTMENT NO.
v. ) 1:23-cr-00335- MLB-RGV
 )
MARIO JAMES EARL, et al. )
 )
 Defendant. )

---

**CERTIFICATE OF SERVICE**

---

This is to certify that a copy of the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification to all parties of record.

Dated: May 4, 2026.

**BANKS WEAVER LLC**

*/s/ Gabe Banks*

_____

Gabe Banks
Georgia Bar No. 721945
Tennessee Bar No. 021377
*Attorney for Defendant Mario James Earl*

100 Peachtree Street, NW
Suite 2650
Atlanta, Georgia 30303
404-891-9281 (ofc.)
404.891-9283 (fax)
gabe@banksweaver.com