IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | INDICTMENT NO. |
| v. | ) | 1:23-cr-00335-ELR-RGV |
| | ) | |
| MARIO JAMES EARL, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT EARL'S REPLY TO
GOVERNMENT'S RESPONSE TO HIS OBJECTIONS TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

COMES NOW Defendant Mario James Earl, by and through undersigned counsel, and respectfully submits this Reply in response to the Government's omnibus response (Doc. 452) to Defendant's Objections to the Magistrate Judge's Report and Recommendation as to the Seattle Searches (Doc. 449). As set forth below, the Government's response fails to cure the fundamental constitutional deficiencies identified in Mr. Earl's Objections. The warrant authorizing the searches of Mr. Earl's Seattle-area residence (11527 113th Place NE, Kirkland, Washington), his office (5416 Rainier Avenue South, Seattle, Washington), and his vehicle lacked the requisite probable cause, was based on stale information, and was so facially deficient that the good faith exception does not apply.

1 | P a g e

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

## <u>ARGUMENT</u>

I.    **THE GOVERNMENT FAILS TO ESTABLISH THE REQUIRED FACTUAL NEXUS BETWEEN THE SEATTLE LOCATIONS AND ANY ALLEGED CRIMINAL ACTIVITY.**

The Government responds to Mr. Earl's nexus challenge by invoking the proposition that it is 'common sense' that drug dealers 'keep evidence of their drug business at home.' (Doc. 452 at 28 (citing *United States v. Meryl*, 322 F. App'x 871, 874 (11th Cir. 2009)) While that general proposition may sometimes hold, it cannot—standing alone—supply the particularized nexus that the Fourth Amendment demands.

The Eleventh Circuit's decision[1] in *United States v. Martin*, 297 F.3d 1308 (11th Cir. 2002), directly forecloses the Government's reasoning. In *Martin*, the court rejected the argument that a defendant's alleged involvement in criminal activity, without more, justifies the search of his residence. *Id.* at 1314. To hold otherwise would impermissibly collapse the nexus requirement into mere suspicion and, unfortunately, that is precisely what the Government has done here.

The Government enumerates the evidence it claims supported the warrant: that Mr. Earl coordinated a drug trafficking organization, maintained electronic ledgers, used electronic devices in connection with co-conspirators, and was

---

[1] While the Eleventh Circuit's ultimate ruling in *Martin* affirmed the search, it do so under the good faith exception under *Leon*—not because it determine that the warrant had probable cause.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

connected to stash houses in other states. (Doc. 452 at 29–30.) Notably absent from all of this is a single fact establishing that any drug transaction, contraband, communication about criminal activity, or instrumentality of the alleged conspiracy was ever observed at, linked to, or associated with the Seattle residence, office, or vehicle. The Government does not—because it cannot—point to any controlled buy at the Kirkland address, any intercepted communication placed from the Rainier Avenue office, or any drug transaction observed from or attributed to the Escalade in Washington State.

The Government relies on *United States v. Acosta*, 807 F. Supp. 2d 1154, 1216–19 (N.D. Ga. 2011), for the framework that courts should examine '(1) evidence that an individual was involved in drug trafficking, (2) that he was closely associated with the residence, and (3) whether the agent could say, based on training and experience, that such a defendant was likely to keep evidence in a similar location.' (Doc. 452 at 28.) But *Acosta* itself requires more than the Government provides here. Elements one and two—involvement in trafficking and association with the residence—establish only that Mr. Earl was a suspected drug trafficker who lived in a particular house. They do not supply the required nexus between the criminal activity and those specific Seattle locations. Element three—the agent's

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

training and experience boilerplate—is precisely the kind of generalized assertion that *Martin* held insufficient to satisfy the nexus requirement.

The Government's reliance on *United States v. Kapordelis*, 569 F.3d 1291, 1310 (11th Cir. 2009), for the proposition that there 'need not be an allegation that the illegal activity occurred at the location to be searched' (Doc. 452 at 28) does not save the warrant. *Kapordelis* involved a child pornography investigation in which the very nature of the offense made it probable that images would be stored on electronic devices in the defendant's home. The court in *Kapordelis* still required specific facts connecting the defendant to the criminal activity and to the specific location. Here, there is simply no specific factual thread connecting Mr. Earl's alleged drug trafficking—conducted entirely in Atlanta, New Jersey, North Carolina, and Maryland—to his Seattle residence, office, or vehicle.

The affidavit's showing with respect to the Seattle locations amounted to nothing more than: (1) Mr. Earl resided at the Kirkland address, (2) he maintained an office at Rainier Avenue, and (3) he drove a white Cadillac Escalade. (Doc. 449 at 3.) The Government's attempt to characterize this as substantial probable cause misreads the record and misapplies the law.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

## II. THE GOVERNMENT'S STALENESS ARGUMENTS CANNOT OVERCOME A NEARLY TWO-YEAR GAP IN CRIMINAL ACTIVITY ATTRIBUTABLE TO MR. EARL AT THE SEATTLE LOCATIONS.

The Government argues that staleness should be construed liberally in drug trafficking cases, citing *United States v. Bascaro*, 742 F.2d 1335, 1346 (11th Cir. 1984), and *United States v. Harris*, 20 F.3d 445 (11th Cir. 1994), for the proposition that electronic evidence does not grow stale. (Doc. 452 at 31.) These arguments miss the mark for two independent reasons.

First, the liberal staleness standard for protracted drug conspiracies applies where the Government can demonstrate ongoing criminal activity up to or near the time of the warrant. The Government's invocation of a 'protracted' conspiracy does not withstand scrutiny. The affidavit's own timeline demonstrates that the criminal conduct attributable to Mr. Earl—even accepting the Government's most generous characterization—spanned from December 2021 to September 2022, followed by nearly twenty months of silence. A conspiracy that goes dark for close to two years is not 'protracted' in any meaningful sense for purposes of the staleness analysis. (Doc. 449 at 5.) The Magistrate Judge's characterization of this as a 'longstanding and protracted' conspiracy cannot be squared with an affidavit that attributes no conduct to Mr. Earl between September 2022 and the January 2024 warrant application.

BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303

Second, the Government's reliance on *United States v. Touset*, 890 F.3d 1227, 1238 (11th Cir. 2018), for the non-staleness of electronic evidence confuses two distinct questions. *Touset* stands for the proposition that electronic evidence, once lawfully obtained, does not 'spoil' the way physical evidence might. It does not stand for the proposition that an agent can seek a warrant to search for electronic evidence based on information that is nearly twenty months old, where there is no ongoing surveillance revealing continued criminal conduct.

Moreover, the Government's reliance on surveillance conducted in December 2023 and January 2024 as refreshing the stale information is a red herring. (Doc. 452 at 30–31.) To be sure, the surveillance confirmed only that Mr. Earl resided at his home, worked at his office, and drove his vehicle—all entirely lawful conduct. Agents observed no drug transactions, no suspicious visitors, no counter-surveillance measures, and no conduct of any kind indicative of narcotics trafficking. Surveillance that does nothing more than confirm a suspect lives where he lives and works where he works does not refresh information about criminal activity that is nearly two years stale. To hold otherwise would permit the Government to freeze stale information indefinitely by conducting surveillance of a suspect's lawful daily routine.

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303**

Under *Harris* itself—cited by the Government—the Eleventh Circuit still requires that the information supporting a warrant be timely. 20 F.3d at 450. The court in *Harris* found information not stale where there was a continuing pattern of criminal activity. Here, there was no pattern of criminal activity at the Seattle locations—not at any point in time, and certainly not in the months preceding the January 2024 warrant application.

### III.    THE GOOD FAITH EXCEPTION DOES NOT APPLY TO AN AFFIDAVIT SO DEFICIENT THAT IT PROVIDED NO NEXUS BETWEEN THE ALLEGED CRIMINAL ACTIVITY AND THE LOCATIONS SEARCHED.

The Government argues that Mr. Earl cannot cite a single Eleventh Circuit case[2] finding that the good faith exception did not apply, and that the standard requires showing the affidavit provided 'no hint' of probable cause. (Doc. 452 at 31–32 (citing *United States v. McCall*, 84 F.4th 1317, 1325 (11th Cir. 2023)) While the Government's articulation of the Eleventh Circuit standard is correct, its application is not.

The good faith exception does not apply where 'the affidavit [is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' *United States v. Leon*, 468 U.S. 897, 923 (1984). That is the circumstance presented here with respect to the Seattle locations specifically. The

---

[2] Defendant relies on the Supreme Court's holding in *Leon* to support his assertions.

BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303

affidavit—as it pertains to the Seattle residence, office, and vehicle—provided no facts linking those locations to any criminal conduct. It offered no controlled buys at those addresses, no intercepted communications from those locations, no informant observations, and no surveillance revealing criminal activity. What it offered instead was the fact that Mr. Earl lived there, worked there, and drove his car there, combined with boilerplate assertions about what drug traffickers 'tend to' keep at their residences.

The Government's argument that the Magistrate Judge's 'lengthy analysis' proves sufficient probable cause existed (Doc. 452 at 32) conflates the thoroughness of an analysis with the soundness of its underlying premise. A court can analyze an insufficient factual predicate at great length without curing its insufficiency. The Magistrate Judge's R&R identified no specific fact connecting the Seattle locations to the charged conduct—because the affidavit contained none. The analysis instead applied the same generalized 'drug dealers keep evidence at home' reasoning that *Martin* held inadequate.

The Government's reliance on *United States v. Patel*, 2010 WL 11508324, at *5 (N.D. Ga. Mar. 29, 2010), and *United States v. Ayala-Castaneda*, 2009 WL 10673147, at *4 (N.D. Ga. May 15, 2009), for the proposition that good faith applies to claims of staleness (Doc. 452 at 32) does not alter this analysis. Those cases

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

addressed warrants that contained specific factual bases for the probable cause determination. Where, as here, the affidavit contains no location-specific facts whatsoever—not a single fact linking the Seattle locations to criminal conduct—the warrant is so lacking in indicia of probable cause that no reasonable officer could have relied upon it. *Leon*, 468 U.S. at 923.

Applying the good faith exception under these circumstances would render the nexus requirement a nullity. It would permit the Government to search any residence, office, or vehicle belonging to a suspected drug trafficker so long as the affidavit recited that the suspect was involved in drug trafficking and lived or worked at the location—a result incompatible with the Fourth Amendment's particularity requirement and with the Eleventh Circuit's holding in *Martin*.

*[signature page to follow]*

**BANKS WEAVER LLC | 100 Peachtree Street, NW, Suite 2650**
**Atlanta, Georgia 30303**

**WHEREFORE**, Defendant Earl prays that this Honorable Court sustain his objections to the Magistrate Judge's Report and Recommendation and grant his motion to suppress the evidence recovered from the searches conducted in Seattle Washington.

Respectfully submitted this 23RD day of June, 2026.

**BANKS WEAVER LLC**

*/s/ Gabe Banks*

_____

Gabe Banks, Esq.
Georgia Bar No. 721945
Tennessee Bar No. 021377

100 Peachtree Street, NW
Suite 2650
Atlanta, Georgia 30303
(404) 891-9280 (Ofc.)
(404) 891-9283 (Fax)
gabe@banksweaver.com

<u>*/s/ Steven H. Sadow*</u>
Steven H. Sadow
Georgia Bar No. 622075
Attorney for Defendant

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
404-577-1400
stevesadow@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | INDICTMENT NO. |
| v. | ) | 1:23-cr-00335-MLB-RGV-1 |
| | ) | |
| MARIO JAMES EARL, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification to all parties of record.

Dated: June 23, 2026.

**BANKS WEAVER LLC**

*/s/ Gabe Banks*

_____

Gabe Banks
Georgia Bar No. 721945
Tennessee Bar No. 021377
*Attorney for Defendant Mario James Earl*

100 Peachtree Street, NW, Suite 2650
Atlanta, Georgia 30303
404-891-9281 (ofc.)
404.891-9283 (fax)
gabe@banksweaver.com