**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


United States of America,

v.                                              Case No. 1:23-cr-335-MLB

Mario J. Earl (1), Turomne
Washington (4), and Jovan
Jackson, Jr. (7),

                    Defendants.

_____/

## ORDER SETTING TRIAL

The Court sets a jury trial in this matter for December 7, 2026, at

9:00 a.m., in Courtroom 1906.  A pretrial conference is set for November

17, 2026, at 10:00 a.m., in Courtroom 1906.  The parties shall meet and

confer in a serious, good faith effort to obviate the need for—or at least

narrow the scope of—any motions in limine.  These discussions shall take

place no later than September 1, 2026.  At least some of the discussions

shall be in person.  If the parties still believe motions in limine are

necessary after these discussions, any such motions in limine shall be

filed on or before September 8, 2026; responses to motions shall be filed

on or before September 22, 2026; and any replies shall be filed on or

before October 6, 2026.  Only one consolidated motion in limine shall be filed by each party and the motion shall not exceed 25 pages.  The response brief to the motion in limine shall not exceed 25 pages.  The reply brief shall not exceed 15 pages.

Proposed voir dire shall be filed no later than October 6, 2026. Before proposing voir dire questions to the Court, the parties shall go to the district court's website at www.gand.uscourts.gov.  On the home page, select the "Individual Judge Instructions" link, and then select the "Cases before Judge Brown" link.  Here, the Court has provided its standard Qualifying Questions and Background Jury Questions to be asked of prospective jurors at trial.  Please do not duplicate these questions in your proposed voir dire.

No later than noon on November 16, 2026, the parties shall file and email to the Courtroom Deputy Clerk in Microsoft Word format a single, unified set of requests to charge and proposed verdict forms.  The proposed jury instructions must clearly identify those instructions to which both parties agree and those instructions to which the parties do not agree.  For those instructions that are not agreed upon, the parties should indicate in consolidated fashion (using redline or different fonts)

precisely what language is contested and the grounds for any objection. In other words, the Court requires a consolidated set of jury instructions to which all parties agree. Following the agreed-upon jury instructions, the parties should include those instructions to which opposing counsel objects. Where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction. Where a proposed instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction. Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable.

Each party shall email a witness and exhibits list to the Courtroom Deputy Clerk by noon on December 4, 2026. The parties shall use the Court's form exhibits and witness list (AO Form 187).[1] The witness list may be submitted ex parte. The list shall contain the case caption and an identifying description of each exhibit to the right of the exhibit

---

[1]   The parties may obtain the form here: https://www.uscourts.gov/services-forms/forms?k=exhibit+and+witness+list&c=All.

numbers.  Additionally, the parties are required to deliver to chambers the morning of trial two tabbed exhibit notebooks or two thumb drives with their marked exhibits for the Court's use.  **Counsel shall comply with the Local Rules of this Court regarding exhibits**.

Any party requiring the assistance of an interpreter at trial must notify the Court immediately.

Any plea of guilty must be entered no later than October 6, 2026. *Failure to do so will be considered by the Court in assessing Defendant's acceptance, or lack of acceptance, pursuant to Section 3E1.1 of the United States Sentencing Guidelines.*

A court order is required to bring boxes of exhibits, projectors, laptops—virtually anything necessary for use at trial—into the courthouse.  A party who needs to bring such materials into the courthouse shall file a motion, with proposed order, detailing the equipment that party wishes to bring into the courtroom.  This should be done not less than three (3) business days prior to the trial, to allow for proper notification to the United States Marshals Service.

The time between the date this case was certified ready for trial and the trial date shall be excluded in calculating the date on which the trial

of this case must commence under the Speedy Trial Act.  The Court finds

that the delay is for good cause and the interests of justice outweigh the

right of the public and the right of the defendant to a speedy trial,

pursuant to 18 U.S.C. § 3161, *et seq*.

**SO ORDERED** this 17th day of July, 2026.

_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE